Judy Danelle Snyder, OSB No. 73283
Email: *judy@jdsnyder.com*
Katelyn S. Oldham, OSB No. 02411
Email: katelyn@jdsnyder.com
LAW OFFICES OF JUDY SNYDER
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 228-5027
Facsimile: (503) 241-2249

Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM C. JONES,** | '06 – 106 MO |
| Plaintiff, | Case No. |
| v. | COMPLAINT |
| **OREGON JUDICIAL DEPARTMENT, a Public Body of the State of Oregon, and JEFFREY M. WALLACE, individually,** | (Violations of 42 U.S.C. § 1983) |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

### PRELIMINARY STATEMENT

1.      This action is an action for declaratory and monetary relief, including punitive damages and attorney's fees and costs, to redress the violation of plaintiff's federally protected rights and state common law rights.

### JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

PAGE 1 - COMPLAINT

7593

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

## PARTIES

4.      Plaintiff, William C. Jones ("plaintiff") is an Oregon resident who at all material times was employed as the Trial Court Administrator for the Sixth Judicial Circuit of the state of Oregon.

5.      Defendant Oregon Judicial Department is the judicial branch of the state of Oregon.

6.      Defendant Jeffrey M. Wallace ("Judge Wallace") is an Oregon resident who at all material times was employed as the Presiding Judge of the Sixth Judicial Circuit of the state of Oregon and was acting under color of state law.

## GENERAL ALLEGATIONS

7.      Plaintiff has been employed as the Trial Court Administrator for the Sixth Judicial Circuit of the state of Oregon since 1998.

8.      In November 2003, plaintiff announced that he was seeking election to the position of Circuit Court Judge for Umatilla and Morrow Counties, position three in the Sixth Judicial District, a position which was held at that time by Judge Rudy Murgo.  The judicial position was on the primary election in May 2004, with the new term for the position starting in January 2004.

9.      On December 16, 2003, at Judge Murgo's request, plaintiff was called to a meeting with Judge Wallace and Gary Martin, the Oregon Judicial Department Personnel Director, to discuss possible areas of concern arising from plaintiff's candidacy for Judge Murgo's seat.

10.      During the December 16, 2003 meeting, Judge Wallace directed that, during the period of the campaign, any press release related to Oregon Judicial Department business would be released by Judge Wallace, following his review and approval of any such release.  Judge Wallace directed plaintiff to limit his contact with the press and public statements as the trial court administrator during the judicial campaign.  As Trial Court Administrator, plaintiff's duties included communicating with the press and the public regarding court matters.  Judge Wallace did not place similar restrictions on other court personnel running for the same seat, including Judge Murgo.

11.      Thereafter, plaintiff was contacted by a Pendleton resident for his opinion as the Trial Court Administrator regarding the impact of a ballot measure on the local court system.  Plaintiff was

PAGE 2 - COMPLAINT

Law Offices of Judy Snyder
1000 S.W. Broadway
Suite 2400
Portland, Oregon 97205
(503) 228-5097
Fax (503) 241-2249

unable to respond to this inquiry due to the gag order placed on him by Judge Wallace. Plaintiff informed Judge Wallace that the gag order had a negative impact on the operation of the court, including an impairment on the public's right to know any impact of ballot measures on the local court system. In response, Judge Wallace sent plaintiff an email in which he reprimanded plaintiff.

12.    Plaintiff continued to resist the gag order in communications with Judge Wallace. Judge Wallace did not lift the gag order until February 2, 2004.

13.    On February 6, 2004, plaintiff sent a Tort Claim Notice pursuant to ORS 30.275 to the Department of Administrative Services for damages arising from Judge Wallace's impairment of plaintiff's right to free speech.

14.    Following receipt of plaintiff's Tort Claim Notice, Judge Wallace advised plaintiff that Judge Reynolds would be appointed Assistant Presiding Judge and would be responsible for all communications with plaintiff.

15.    After the May 2004 judicial election for position three in the Sixth Judicial District was won by Dan Hill, Judge Wallace resumed communications with plaintiff.

16.    On June 2, 2004, plaintiff was called to a meeting with Judge Wallace and Marianne Dyer, Oregon Judicial Department Personnel Analyst. During that meeting, plaintiff learned that Judge Wallace would be assuming several job responsibilities and administrative tasks which had previously been performed by plaintiff in his role as the Trial Court Administrator. Judge Wallace also insisted that all communication with other agencies or the Office of the State Court Administrator be specifically reviewed in advance with him, and that Judge Wallace be the spokesman for the court with the press. Judge Wallace further directed that all matters relating to the judiciary and the court, and specifically issues related to Judge Murgo, be referred to Judge Wallace and instructed Mr. Jones that if he was approached by agency heads, that these issues were to be referred to Judge Wallace. Plaintiff was no longer allowed to perform these job responsibilities which he had performed for the past six years as Trial Court Administrator.

///

PAGE 3 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

17.     On July 29, 2004, plaintiff sent a memo to Judge Wallace requesting clarification of his instructions, as they would interfere with plaintiff's ability to perform his job.  Plaintiff received no response from Judge Wallace.

18.     On August 10, 2004, while plaintiff was on medical leave as a result of the physical symptoms from the stress of the previously described interactions with Judge Wallace, Judge Wallace sent plaintiff a letter insisting that plaintiff contact him before Judge Wallace left for military leave.

19.     On August 20, 2004, plaintiff sent a letter to Judge Wallace in response to Judge Wallace's August 10, 2004 letter.

20.     On August 23, 2004, plaintiff received an email from Judge Wallace which was forwarded by Nancy Fast ("Fast"), Judge Wallace's judicial assistant.  The email directed plaintiff to take no action on some job responsibilities, and stated that the chain of command was "[Judge Wallace], Judge Reynolds, Nancy [Fast]".  Judge Wallace indicated that plaintiff was not in the chain of command and stated that plaintiff was relieved of all further administrative responsibilities and directed to remain out of the office until Judge Wallace returned on September 5, 2004.

21.     Within minutes, Fast sent plaintiff another email entitled "REVISION TO THAT LAST MESSAGE FROM JUDGE WALLACE - DISREGARD 1ST MSG!!!!!!!!" In that email, Fast indicated that Judge Wallace had conferred with Judge Reynolds via telephone and would like to work on the problem.

22.     On September 10, 2004, without further discussion, upon Judge Wallace's return to the office from military leave, he sent plaintiff a Letter of Warning.  This was the first written warning plaintiff had ever received.  Plaintiff responded to this Letter of Warning by letter dated September 24, 2004.

23.     On November 9, 2004, plaintiff met with Judge Wallace for a regularly scheduled weekly meeting to discuss court management issues.  Plaintiff was surprised to find Judge Reynolds also present for this meeting. Rather than discussing court management issues, Judge Wallace stated that he believed plaintiff had a problem with alcohol.  This accusation against plaintiff was false.

PAGE 4 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

24.     While plaintiff was preparing his response to Judge Wallace's false accusations during the November 9, 2004 meeting, plaintiff received another series of false accusations through an email from Judge Wallace on November 12, 2004. Plaintiff responded to this email by letter dated November 16, 2004.

25.     On December 7, 2004, Judge Wallace gave plaintiff another written warning replete with erroneous accusations, falsely accusing plaintiff of exhibiting an unwillingness to accept legitimate supervisory feedback or direction, and violating Judge Wallace's direct instructions.

26.     On January 31, 2005, plaintiff sent Tort Claims Notice Pursuant to ORS 30.275 to the Department of Administrative Services for damages arising from Judge Wallace's retaliatory conduct.

## FIRST CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983)
### (Violation of Free Speech)
### (Against all defendants)

27.     Plaintiff realleges and incorporates paragraphs 1 through 26 above.

28.     Judge Wallace's order that plaintiff limit his contact with the press and public statements as the trial court administrator during the judicial campaign prohibited plaintiff from speaking to anyone regarding administration of the local judicial system which is a matter of public concern.

29.     Judge Wallace's order as described in paragraph 10  was a prior restraint and/or an infringement on plaintiff's right to freedom of speech as guaranteed by the First Amendment.

30.     At all relevant times, defendants were acting either as an instrumentality of the state, or alternatively under color of state law, for the improper purpose of curbing plaintiff's exercise of his right to free speech, as guaranteed by the First Amendment.

31.     The actions of Judge Wallace represented official policies, practices, customs, and usages of the Oregon Judicial Department.

32.     In the alternative, the Oregon Judicial Department was aware of the actions of defendant Judge Wallace and approved of the unconstitutional basis for these actions and that such violation continued to February 2, 2004..

PAGE 5 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

33.     As a direct and proximate result of defendants' conduct, plaintiff's speech has been unlawfully restrained in violation of his First Amendment rights. Plaintiff is entitled to a declaration that defendants have violated his First Amendment rights by restraining his speech.

34.     As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer from emotional distress, physical injury, including developing an ulcer, loss of weight, sleep disruption, anxiety, humiliation, and embarrassment, damage to his professional reputation, and is entitled to an award of compensatory damages in the amount of $300,000.

35.     To the extent that defendant Judge Wallace was acting in his individual capacity, his conduct as described herein was intentional, willful, malicious and reckless. Plaintiff is entitled to an award of punitive damages against Judge Wallace in his individual capacity in the amount of $100,000.

36.     Pursuant to 42 U.S.C. §1988, plaintiff is entitled to an award of reasonable attorney's fees, expert fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983)
### (Retaliation in Violation of the First Amendment)
### (Against All Defendants)

37.     Plaintiff realleges and incorporates paragraphs 1 through 26 above.

38.     Plaintiff's February 6, 2004 Tort Claim Notice and other challenges to Judge Wallace's order as described in paragraph 10 asserted plaintiff's right to be free from an infringement of his right to Free Speech, as guaranteed by the First Amendment, which is a matter of public concern.

39.     Plaintiff's constitutionally protected expression was a substantial or motivating factor in Judge Wallace's decisions to present plaintiff with unwarranted written warnings, to falsely accuse plaintiff of having a poor attitude and demeanor, to limit plaintiff's authority and job responsibilities as a trial court administrator, to falsely accuse plaintiff of abusing alcohol, and to falsely accuse plaintiff of poor job performance.

///

///

PAGE 6 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

40.    At all relevant times, defendants were acting either as an instrumentality of the state, or alternatively under color of state law, for the improper purpose of curbing plaintiff's exercise of his right to free speech, as guaranteed by the First Amendment.

41.    The actions of Judge Wallace represented official policies, practices, customs, and usages of the Oregon Judicial Department.

42.    In the alternative, the Oregon Judicial Department was aware of the actions of defendant Judge Wallace and approved of the unconstitutional basis for these actions.

43.    As a direct and proximate result of defendants' conduct, plaintiff has been unlawfully subjected to retaliation in violation of his First Amendment rights.  Plaintiff is entitled to a declaration that defendants have violated his First Amendment rights by the above-described retaliation.

44.    As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer from emotional distress, physical symptoms including developing an ulcer, loss of weight, sleep disruption, anxiety, humiliation, and embarrassment, damage to his professional reputation, and is entitled to an award of compensatory damages in the amount of $300,000.

45.    To the extent that Judge Wallace was acting in his individual capacity, his conduct as described herein was intentional, willful, malicious and reckless.  Plaintiff is entitled to an award of punitive damages against Judge Wallace in his individual capacity in the amount of $100,000.

46.    Pursuant to 42 U.S.C. §1988, plaintiff is entitled to an award of reasonable attorney's fees, expert fees and costs incurred herein.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

Against all defendants:

1.    A declaration that defendants have violated plaintiff's First Amendment rights by placing a prior restraint on his speech and by retaliating against plaintiff for his expression which was a matter of public concern.

PAGE 7 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249

2.    An order prohibiting defendants from violating plaintiff's right to Free Speech by either prior restraint or retaliation.

3.    Plaintiff's reasonable attorneys fees, costs and disbursements incurred herein.

Against defendant Wallace:

1.    Compensatory damages in the amount of $300,000;

2.    Punitive damages in the amount of $ 100,000;


DATED this 25th day of January, 2006.

LAW OFFICES OF JUDY SNYDER

_____
JUDY DANELLE SNYDER, OSB No. 73283
Telephone: (503) 228–5027
Of Attorneys for Plaintiff

PAGE 8 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY
SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5097
FAX (503) 241-2249